NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| DOREMUS COFFEE, | : | |
| | : | |
| Petitioner, | : | Civ. No. 06-1296 (GEB) |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | **MEMORANDUM OPINION** |
| | : | |
| Respondent. | : | |
| | : | |

**BROWN, Chief Judge**

This matter comes before the Court upon the motion of respondent United States of America ("Respondent") pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss petitioner Doremus Coffee's ("Petitioner") *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. This Court, having considered the parties' submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons set forth below, will deny Respondent's motion.

I.      BACKGROUND

On January 6, 2005, a grand jury in and for the United States District Court for the District of New Jersey issued an indictment charging Petitioner with knowingly and willingly conspiring and agreeing with others to distribute and to possess with intent to distribute at least 500 grams of cocaine base, that is, crack cocaine, contrary to 21 U.S.C. §§ 841(a), (b)(1)(A) and

in violation of 21 U.S.C. § 846.  (Indictment, Jan. 6, 2005.)  Petitioner pled guilty to this charge on March 3, 2005, pursuant to a plea agreement.  (Judgment ("J."), July 20, 2005; Plea Agreement, March 1, 2005.)

On July 19, 2005, this Court sentenced Petitioner to imprisonment for a term of 168 months.  (J. at 2.)  Petitioner is currently serving this sentence at the Federal Correctional Institute at Ray Brook, New York ("FCI Ray Brook").  (Petr.'s Mot. 2.)  On March 20, 2006, Petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  (*Id.*)  In his motion, Petitioner argues that his Sixth Amendment right to effective assistance of counsel was violated by his counsel's failure to file a requested notice of appeal.  (Petr.'s Br. in Support of § 2255 Mot. ("Petr.'s Br.") 3.)

In response to Petitioner's motion, on October 12, 2006, this Court issued an Order pursuant to the Third Circuit's decision in *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999) ("*Miller* Order").  The Order notified Petitioner that "under federal law a person seeking relief from a sentence imposed by a federal court under 28 U.S.C. § 2255 must include in a single petition all potential claims because a second or successive petition under § 2255 must be dismissed" except in rare circumstances.  (Order, Oct. 12, 2006.)  The Order further informed Petitioner that he could choose to: 1) have his pleading ruled upon as filed; 2) have his pleading re-characterized as a § 2255 petition if not already styled as such; or 3) withdraw his pleading and file an all inclusive § 2255 petition, subject to the applicable statutory limitations period.  (*Id.*)

In an unsigned response to the *Miller* Order, Petitioner requested that his pleading be ruled upon as filed, i.e., as a motion under 28 U.S.C. § 2255.  (Petr.'s Letter, Oct. 18, 2006.)

2

Respondent subsequently filed the present motion to dismiss Petitioner's motion pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

## II.     DISCUSSION

### A.     Standard of Review for Rule 12(b)(1) Motions to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the Court's "authority or competence to hear and decide the case before it."  5B Charles Alan Wright & Arthur R. Miller, Federal Practice And Procedure § 1350 (3d ed. 2004).  In the absence of subject matter jurisdiction, this Court is without power to hear the case.  *See Cohen v. Kurtzman*, 45 F. Supp. 2d 423, 429 (D.N.J. 1999).  The party asserting jurisdiction bears the burden of demonstrating in the record that jurisdiction is proper.  *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993).  Moreover, the Court is obligated to examine the issue of subject matter jurisdiction even if the parties concede the existence of jurisdiction.  *See Pa. Nurses Ass'n v. Pa. State Educ. Ass'n*, 90 F.3d 797, 801 (3d Cir. 1996).  In making its determination, the Court is not confined to examining the face of the pleading, but may consider other evidence demonstrating the existence or lack of jurisdiction, and may make factual findings when necessary to the extent that there are disputes of fact.  *See Berardi v. Swanson Mem'l Lodge No. 48 of Fraternal Order of Police*, 920 F.2d 198, 200 (3d Cir. 1990).

"There are two types of Rule 12(b)(1) motions, those which attack the complaint on its face and those which attack the existence of subject matter jurisdiction in fact, quite apart from any pleading."  *Cohen*, 45 F. Supp. 2d at 428 (internal quotations omitted).  Under a facial attack, the allegations of the complaint are taken as true.  *Id.*  In a motion attacking "the existence of

subject matter jurisdiction, however, no presumptive truthfulness attaches to the allegations" in the complaint.  *Id.*

### B.    Application of the Standard

Respondent's arguments in support of its motion are premised on its assertion that, in response to this Court's *Miller* Order, Petitioner elected to convert his § 2255 motion to a petition for habeas corpus under 28 U.S.C. § 2241.  (Respt.'s Br. 3.)  Respondent advances three arguments based on this assertion.  First, Respondent claims that Petitioner incorrectly filed his motion in the sentencing court, rather than the district court in the district where he is confined, as required for § 2241 petitions.  (*Id.* at 3-4.)  Second, Respondent asserts that Petitioner incorrectly named the United States, rather than the warden of the prison facility where he is detained, as the respondent in his § 2241 petition.  (*Id.*)  Third, Respondent argues that this Court lacks subject matter jurisdiction over Petitioner's claim because Petitioner is inappropriately challenging the validity of his sentence under § 2241, which authorizes only challenges to the execution of a prisoner's sentence.  (*Id.* at 5-7.)

Taking all the allegations as true for the purposes of this motion, this Court rejects Respondent's arguments that the Court lacks jurisdiction to hear Petitioner's claims.  Despite assertions to the contrary, Petitioner elected to have his motion under 28 U.S.C. § 2255 ruled upon as filed, not as a petition for habeas corpus under 28 U.S.C. § 2241.  Moreover, Petitioner's claim is properly within the scope of § 2255.  Finally, Respondent's arguments concern habeas petitions filed under § 2241, not § 2255, and therefore do not apply.

4

### 1.	Petitioner Elected to Have His § 2255 Pleading Ruled Upon as Filed

Respondent's arguments are premised on the assertion that in response to this Court's *Miller* Order, "Petitioner elected to convert his [§ 2255] motion to a petition pursuant to § 2241." (Respt.'s Br. 3.) Respondent provides no support in the record for this claim. This Court similarly finds nothing in the record to show that Petitioner elected to convert his motion to a § 2241 petition.

Petitioner's original motion and supporting brief to this Court were made pursuant to 28 U.S.C. § 2255, a fact not disputed by Respondent. (Petr.'s Mot. 2; Petr.'s Br. 1; Respt.'s Br. 3.) Moreover, contrary to Respondent's assertion, Petitioner's response to this Court's *Miller* Order indicates that, after being notified of the effect of his § 2255 motion, Petitioner elected to have the motion ruled upon as filed. (Petr.'s Letter, Oct. 18, 2006.) Despite Respondent's assertion, this Court will therefore continue to treat Petitioner's claim as a motion under 28 U.S.C. § 2255.

### 2.	Petitioner's Pleadings Are Within the Scope of § 2255

The nature of Petitioner's pleadings are within the scope of § 2255, which permits a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States" to move to "vacate, set aside or correct the sentence." 28 U.S.C. § 2255. Section 2255 is therefore appropriate where a prisoner is collaterally challenging the validity of his sentence. *Morelli v. United States*, 285 F. Supp. 2d 454, 458 (D.N.J. 2003). Petitioner is claiming that his Sixth Amendment rights were violated when his counsel failed to file a requested notice of appeal. (Petr.'s Br. 3.) This claim of ineffective assistance of counsel is a challenge to the validity of a sentence and therefore falls

within the scope of § 2255. *See United States v. Wright*, 180 F. App'x 348, 349-51 (3d Cir. 2006) (affirming District Court decision on the merits of federal prisoner's § 2255 motion for ineffective assistance of counsel due to failure to file notice of appeal). Respondent acknowledges this fact in its brief. (Respt.'s Br. 6.)

Section 2241, on the other hand, "allows a federal prisoner to challenge the 'execution' of his sentence in habeas." *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005). The term "execution" in this sense includes "'such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions.'" *Id.* at 242 (quoting *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)). Since Petitioner's claim relates to the validity, and not the execution, of his sentence, § 2255 is the appropriate vehicle under which the claims should proceed.

### 3. Respondent's Arguments Do Not Apply to § 2255 Claims

Respondent claims that Petitioner incorrectly filed his § 2241 petition in the sentencing court, rather than the district court in the district where he is confined, and that this Court must therefore either transfer the petition or dismiss it without prejudice. (Respt.'s Br. 3-4.) Respondent also asserts that the § 2241 petition incorrectly named the United States as respondent, rather than the warden of the prison facility where Petitioner is confined. (*Id.*) As this Court has already explained, Petitioner elected to have his § 2255 motion ruled upon as filed. Section 2255 plainly states that prisoners in federal custody who wish to have their sentences vacated, set aside, or corrected are required to "move the court which imposed the sentence" to

6

consider this motion. 28 U.S.C. § 2255. Indeed, the purpose of this provision is to "alleviate the burden of habeas corpus petitions filed by federal prisoners in the district of confinement, by providing an equally broad remedy in the more convenient jurisdiction of the sentencing court . . . ." *Autrey v. Nash*, No. Civ. 04-3904 (RBK), 2006 WL 840399, *2 (D.N.J. March 28, 2006) (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)). Thus, "[o]nly the sentencing court and its district have jurisdiction to hear § 2255 petitions." *Id.* at *3. Petitioner's motion was therefore correctly filed in this Court, and the United States is an appropriate respondent.

### III.  CONCLUSION

For the reasons stated herein, Petitioner's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) is denied. An appropriate form of Order is filed herewith.

Dated:  July 27, 2007

                                                  s/ Garrett E. Brown, Jr.
                                                GARRETT E. BROWN, JR., U.S.D.J.