<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| DOREMUS COFFEE, | : |
| Petitioner, | : Civ. No. 06-1296 (GEB) |
| v. | : |
| UNITED STATES OF AMERICA, | : **MEMORANDUM OPINION** |
| Respondent. | : |

<u>**BROWN, Chief Judge**</u>

This matter comes before the Court upon the motion of *pro se* petitioner Doremus Coffee ("Petitioner" or "Coffee") to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. This Court will deny the petition on all grounds based on the parties' submissions and without oral argument pursuant to Federal Rule of Civil Procedure 78.

**I.    BACKGROUND**

On January 6, 2005, an indictment was issued by a grand jury in the District of New Jersey charging Petitioner with "knowingly and intentionally [conspiring] and [agreeing] with each other and others to distribute and to possess with intent to distribute at least 500 grams of cocaine base" in violation of Title 21, United States Code, Sections 841(a) and 841 (b) (1) (A). (Gov.'s Answer Ex. A ("Indictment") at 1.) Petitioner entered a plea of guilty on March 3, 2005. (*Id*. Ex. C ("Plea Hearing Transcript") at 3.) On July 19, 2005, Petitioner was sentenced to a term of 168 months, followed by supervised release for a period of five years. (*Id*. Ex. E ("Transcript

of Sentencing Hearing") at 8.)

On March 20, 2006, Petitioner timely filed the instant motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  Petitioner argues that his Sixth Amendment rights were violated by an ineffective counsel who failed to pursue a collateral attack of his aforementioned sentence after being directed to do so by Petitioner.

**II.     DISCUSSION**

Section 2255 of Title 28 of the United States Code permits a court to vacate, correct or set aside a sentence that:

> [w]as imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255. The threshold issue in the case at bar is whether the Petitioner may collaterally attack his sentence, despite clearly acknowledging during the course of his criminal proceedings that the terms of his plea expressly precluded subsequent collateral attack so long as his sentence was within certain statutory guidelines. The court finds that Petitioner is precluded from pursuing this collateral appeal.

      **1.     The Two-Pronged Test Established By The Third Circuit in <u>Khattak</u> Controls This Court's Analysis**

In *United States v. Khattak*, 273 F.3d 557, 563 (3d Cir. 2001), the Third Circuit held that "waivers of appeal, if entered into knowingly and voluntarily, are valid, unless they work a miscarriage of justice."  The Third Circuit thus established a two-pronged test to determine whether a waiver of appeal is valid. The first prong requires the Court to inquire whether the waiver was entered into "knowingly and voluntarily." The second prong mandates that the Court

assess whether enforcement of the waiver "works a miscarriage of justice."

Subsequent decisions by both the Third Circuit and other District Courts in New Jersey have expanded the *Khattak* test to apply to collateral appeals. *See United States v. Perry,* 142 Fed. App'x. 610, 611-12 (3d Cir. 2005) (upholding the District Court's use of the Khattak test in denying a Petitioner's § 2255 motion for collateral appeal); *see also Perez v. United States*, No. 07-1393, 2007 U.S. Dist. LEXIS 61633 (D. N.J. Aug. 22, 2007) (dismissing §2255 collateral appeal where the petitioner expressly waived the right to such an appeal in his plea agreement); *Johnson v. United States*, No. 06-4475, 2007 U.S. Dist. LEXIS 50021 (D. N.J. Jul. 10, 2007) (dismissing habeas petition under §2255 where the petitioner expressly waived the right to such an appeal in his plea agreement);  *Basinski v. United States*, No. 06-4190, 2007 U.S. Dist. LEXIS 58096 (D. N.J. Aug. 7, 2007) (dismissing the petitioner's  §2255 collateral appeal where the petitioner waived his right to file such an appeal so long as his sentence was within the range specified in his plea agreement); *Turlington v. United States*, No. 06-51 2007 U.S. Dist. LEXIS 49075 (D. N.J. Jul. 9, 2007) (dismissing the petitioner's motion where he knowingly and voluntarily surrendered the right to an appeal under §2255 as part of his plea agreement). Accordingly, the Court will apply the two-pronged *Khattak* test in assessing the merits of Mr. Coffee's § 2255 petition.

        **2.**    **Petitioner Fails Under The First *Khattak* Prong Because The Waiver Of Collateral Attack Was Entered Into "Knowingly And Voluntarily"**

In the case at bar, the record establishes conclusively that Petitioner entered into his guilty plea voluntarily and with sufficient knowledge that he was thereby surrendering his right to collaterally attack his sentence so long as his sentence fell within a certain range. The March 3,

2005 Plea Agreement and Guilty Plea ("Plea Agreement") proves that Petitioner's right to collaterally attack his sentence was strictly limited. Indeed, the Plea Agreement states that:

> [a]s set forth in Schedule A, th[e U.S. Attorney's] Office and Doremus Coffee waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

(Gov.'s Answer Ex B at 3.) The Agreement goes on to state that:

> This Office and Doremus Coffee recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Doremus Coffee nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Doremus Coffee within the Guidelines range that results from the total Guideline offense level set forth below.

(*Id*. at 6.)  According to the Agreement, Mr. Coffee would be considered a Level 33 or Level 34 offender under the sentencing guidelines.  The Agreement further clarifies the nature of Mr. Coffee's waiver in Sub-part 7 of its Schedule A, noting that:

> Doremus Coffee knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 33.

*Id*. at 7. The Plea Agreement was signed by Doremus Coffee and John Young, Esq. (his attorney at the time) below the following paragraph:

> I have received this letter from my attorney, John Young, Esq., I have read it, and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between

>           the parties. I understand that no additional promises,
>           agreements or conditions have been made or will be made
>           unless set forth in writing and signed by the parties.

*Id*. at 5.

The clear import of the Plea Agreement was further confirmed by Petitioner's responses to the Court's questions during his plea hearing. Indeed, Petitioner affirmed on the record that he understood that he could proceed to trial instead of taking a plea, and that the establishment of his guilt beyond a reasonable doubt before a jury of his peers would be the burden of the United States. (*Id*. Ex. C at 5.) Petitioner also confirmed that he understood that the Court, at its discretion, could imprison him for up to a lifetime, but no less than 10 years, and impose a fine of $4 million, or both, regardless of his guilty plea. (*Id*. at 6:2-5.)   Petitioner further acknowledged that he was pleading guilty because he was in fact guilty, and had not received any threats nor been made any promises by any party. (*Id*. at 6:6-10.) Finally, having been informed that the Guidelines used to sentence him were only guidelines, that the Court had total authority to impose any sentence at its discretion, and that any prior suggestion made to Petitioner as to what the Court's sentence would be were worthless, Petitioner declared that his signed Plea Agreement had truly been signed by him.  (*Id*. at 6:17-7:14.)

In light of the language of the Plea Agreement outlined above and the record of the hearing before the Court, the Court finds that Petitioner was fully appraised of the rights he was surrendering by pleading guilty to the charges against him. The Plea Agreement was signed by both the Petitioner and his attorney, and there is no evidence within the record that he misunderstood the Agreement, or that it was signed involuntarily. Petitioner must be deemed to have agreed to the waiver knowingly and voluntarily under *Khattak*.

   **3.**  **Petitioner Fails The Second Prong Of The <u>Khattak</u> Test Because Waiving His Right To Appeal Does Not Constitute A "Miscarriage Of Justice."**

In assessing whether the waiver of a petitioner's right to appeal constitutes a "miscarriage of justice," this Circuit has held that courts should take into consideration:

> The clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result.

*Khattak* at 563, *quoting United States v. Teeter*, 257 F.3d 14, 24-25 (1st Cir. 2001). The *Khattak* court was careful to insist, however, that, "the governing standard to apply in these circumstances is whether the error would work a miscarriage of justice." *Id.*

  There was no "miscarriage of justice" in the case at bar. Petitioner was indicted in the District of New Jersey for "knowingly and intentionally conspir[ing] and agree[ing] with each other and others to distribute and to possess with intent to distribute at least 500 grams of cocaine base" in violation of Title 21, United States Code, Sections 841(a) and 841(b)(1)(A). (Gov.'s Answer Ex. A at 1.) These criminal charges carried the possibility of life in prison, a $4 million fine, or both. The Petitioner acknowledged that he understood the gravity of the charges against him in the Plea Agreement and in his Application for Permission to Enter Plea of Guilty. (*Id*. Ex. D at 3, Ex. B at 2.) Petitioner's full understanding of the potential consequences of his plea was confirmed at the Petitioner's plea hearing, in which he was warned that he could receive up to life in prison, a fine of $4 million, or both, with a minimum prison sentence of ten years. (*Id*. Ex. C at 6.)

Moreover, Petitioner represented to the Court in his Plea Agreement that:

> Doremus Coffee knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 33. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 34.

(*Id*. Ex. B at 7.) The Court acknowledged, at Petitioner's sentencing hearing, that the Government recommended a downward departure of three offense levels, from a level 34 to a level 31. (*Id*. Ex. E at 7.) In sentencing Petitioner, however, the Court chose to depart downward four levels, rather than the three recommended by the Government, for a sentence of 168 months. (*Id*. at 8.) The Court thus imposed a sentence which was *below* the minimum guideline range contemplated by the Plea Agreement. For the foregoing reasons, Petitioner's claim that his waiver of his right to appeal constitutes a "miscarriage of justice" under *Khattak* is without merit.

### III. Conclusion

Petitioner's waiver of his right to collaterally appeal the sentence imposed by this Court was valid and enforceable under *Khattak*. Moreover, because the Petitioner effectively waived his right to collaterally attack his sentence, this Court need not address the Petitioner's Sixth Amendment claim that he was ineffectively represented by counsel when his attorney failed to file an appeal of his sentence. Accordingly, Petitioner's § 2255 petition is denied on all grounds.

An appropriate form of Order accompanies this memorandum.

Dated: September 17, 2007

                                                                s/ Garrett E. Brown, Jr.
                                                            GARRETT E. BROWN, JR., U.S.D.J.